JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant American Family Mutual Insurance Company appeals from the trial court order that denied its motion for summary judgment, and, instead, granted partial summary judgment in favor of the opposing party, plaintiff-appellee Great Lakes Property Management, Ltd. ("GLPM"), on a breach of contract claim.
 {¶ 2} Appellant presents two assignments of error. It argues GLPM permitted its insurance policy with appellant to lapse; therefore, summary judgment in GLPM's favor was inappropriate. Appellant also argues it was entitled to summary judgment on the "undisputed" facts presented in this case.
 {¶ 3} In filing its complaint against appellant, GLPM presented two causes of action, viz., breach of contract and "bad faith." GLPM alleged that it had a commercial property insurance policy with appellant. The policy covered the period from April 12, 2006 to April 12, 2007, and was renewable yearly.
 {¶ 4} GLPM alleged that it had received a renewal notice that covered the period from April 12, 2007 to April 12, 2008. It further alleged that the property covered by the policy had suffered fire damage on August 8, 2007, but that appellant had failed to comply with its responsibilities under the policy. GLPM sought damages for appellant's breach of contract and "bad faith." *Page 4 
 {¶ 5} Appellant field an answer and counterclaim. It alleged that the policy in question had "lapsed" due to GLPM's failure to pay the premium for the next policy period, i.e., April 12, 2007 to April 12, 2008, thus, it had no duty to process GLPM's claim. Appellant sought a declaration from the trial court to that effect.
 {¶ 6} After discovery, GLPM filed a motion for partial summary judgment, seeking a "declaration" in its favor that the policy remained in "full force and effect" due to appellant's failure to comply with the notice provisions of R.C. 3937.25. GLPM provided evidentiary material in support of its motion.
 {¶ 7} This material included the affidavit of its attorney, who verified the documents attached, viz., 1) the original policy; 2) the "Advance Notice of Renewal Premium" letter sent by appellant to GLPM in February 2007 describing the "principal coverages and limits that will apply for the renewal term"; 3) a copy of an invoice from appellant to GLPM dated "March 16, 2007" for the "billing period" of the original policy, i.e., "04-12-2006 to 04-12-2007"; 4) a "Past Due Notice" from appellant to GLPM dated April 17, 2007, which, although it indicated GLPM had not paid the premium as of that date, nevertheless did not add in the fees applicable to past due accounts. GLPM also attached the affidavit of its owner, Stephen Love, who averred that he never received either a billing statement for the next policy period, or a notice of *Page 5 
cancellation of the policy from appellant.
 {¶ 8} In its motion, GLPM additionally pointed out language in the policy that stated that, although the policy would be "cancelled" for nonpayment of premium, appellant would provide notice of such cancellation 10 days prior to its effective date, stating the effective date in the notice. GLPM asserted that, based upon appellant's failure to comply with its own policy, appellant should be "estopped" from claiming the policy lapsed.
 {¶ 9} Appellant filed a brief in opposition, and, separately, its own motion seeking summary judgment on both GLPM's claims and on its counterclaim. Appellant argued that the policy itself notified GLPM that coverage "lapsed" if the condition precedent, i.e., payment of premium, was not met. Appellant also argued that GLPM's "estoppel" argument should be rejected because it was never pled in GLPM's answer to the counterclaim.
 {¶ 10} In support of its own motion for summary judgment, appellant attached the affidavit of Theresa Culver, its "Commercial Lines Service Manager." She averred that "on March 16, 2007" appellant had sent an invoice to GLPM for the premium, then a "past due notice" on April 17, 2007, but since GLPM never paid it, the policy "lapsed" and was no longer "in effect" as of the date of the fire. No new documents, however, were attached to her affidavit.
 {¶ 11} GLPM subsequently requested leave to amend its answer to the *Page 6 
counterclaim. Appellant opposed this request. The trial court never ruled on it.
 {¶ 12} After the parties filed cross-replies with respect to the issue of summary judgment, the trial court conducted a pretrial conference. Upon its conclusion, the court issued a journal entry in which it granted GLPM's motion for partial summary judgment on its breach of contract claim. The court also denied appellant's motion for summary judgment, finding that GLPM was entitled to a written notice of cancellation pursuant to R.C. 3937.25. The court decided that although the issue of damages remained, there was "no just reason for delay."
 {¶ 13} Appellant filed a timely notice of appeal. Thereafter, the trial court issued a "nunc pro tunc" journal entry noting that summary judgment had been entered for appellant on GLPM's "bad faith" claim. GLPM has not filed a cross-appeal from this order.
 {¶ 14} In its sole assignment of error, appellant argues that the trial court improperly determined that this case involved a simple matter of whether R.C. 3937.25 required it to notify GLPM that its policy had been cancelled.
 {¶ 15} Appellant asserts the trial court instead should have considered whether the contract was no longer "in effect" because GLPM failed to meet a "condition precedent" contained in the policy itself, and whether the commercial policy statutes should be read "in pari materia" so as to defeat GLPM's claim. In *Page 7 
short, appellant "dropped the ball," so it attempts to divert attention from its failure by confusing the issue.
 {¶ 16} R.C. 3937.25 clearly states that when a commercial policy of insurance has been in effect for 90 days, an insurer must comply with the statutory requirements in order to cancel the policy for nonpayment of the premium. The intent behind such a statute is to protect owners of commercial properties, rather than the insurance carriers. See,DeBose v. Travelers Ins. Co. (1983), 6 Ohio St.3d 65.
 {¶ 17} Appellant cites, i.e., Blackwell v. Farmers Ins. Exchange, Pickaway App. No. 05CA3, 2005-Ohio-3499, for an opposite conclusion. However, that case did not address a commercial policy, but, rather, a homeowner's policy; such policies do not fall under the statutory provisions.
 {¶ 18} This case, on the other hand, falls squarely within R.C. 3937.25(A)(1). When a statute is involved, an insurance policy must be duly canceled in accordance with that statute in order for the insurance company to deny coverage for an insured's loss. See, e.g., State FarmMut. Ins. Co. v. Ingle, Miami App. No. 2008 CA 13, 2008-Ohio-6726.
 {¶ 19} Since the statute applies, and appellant failed to comply with it, the trial court appropriately granted summary judgment to GLPM on its breach of contract claim. Appellant's "estoppel" argument, therefore, need not be *Page 8 
addressed.
 {¶ 20} Appellant's assignment of error is overruled.
 {¶ 21} The trial court's order is affirmed. This case is remanded for further proceedings consistent with this opinion.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MARY EILEEN KILBANE, J., CONCURS FRANK D. CELEBREZZE, JR., J., DISSENTS (SEE ATTACHED DISSENTING OPINION)